## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Corey Edward Fisherman,<br><br>Plaintiff,<br><br>v.<br><br>Robert Schaefer, C. Officer,<br><br>Defendant. | Case No. 17-cv-3766 (DWF/TNL)<br><br>**REPORT & RECOMMENDATION** |

Corey Edward Fisherman, #213394, MCF-Rush City, 7600 525th Street, Rush City, MN 55069 (*pro se* Plaintiff); and

Robert B. Roche, Ramsey County Attorney's Office, 121 Seventh Place East, Suite 4500, St. Paul, MN 55101 (for Defendant).

This matter comes before the Court, United States Magistrate Judge Tony N. Leung, on Defendant's Motion for Summary Judgment. (ECF No. 16). This motion has been referred to the undersigned for a report and recommendation to the Honorable Donovan W. Frank, District Judge for the United States District Court for the District of Minnesota, under 28 U.S.C § 636 and D. Minn. LR 72.1. Based on all of the files, record, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion for Summary Judgment, (ECF No. 16), be **GRANTED**.

## I. PROCEDURAL HISTORY

On August 16, 2017, Plaintiff Corey Edward Fisherman filed a complaint under 42 U.S.C. § 1983 against Corrections Officer Robert Schaefer. (ECF No. 1). Fisherman alleges that Schaefer violated Fisherman's rights under the First Amendment by failing to

...

provide him vegan meals while he was in custody at the Ramsey County jail. He seeks a lien on Schaefer's home, cars, and, other property and $1.4 million in damages. Schaefer answered the complaint (ECF No. 13) and moved for summary judgment on June 26, 2018. (ECF No. 16). Schaefer argues that there is no material fact in dispute and that he is entitled to judgment as a matter of law. Fisherman did not respond to the motion for summary judgment.

## II.   SCHAEFER'S MOTION FOR SUMMARY JUDGMENT

### A. Legal Standard

Under Rule 56(a), courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) ("The nonmovant 'must do more than simply show that there is some metaphysical doubt as to the material facts,' and must come forward with 'specific facts showing that there is a genuine issue for trial.'") (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)). In considering such a motion, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those

facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing Fed. R. Civ. P. 56(c)). But "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita*, 475 U.S. at 587 (quotation and citation omitted). Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp.*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1); *Torgerson*, 643 F.2d at 1043.

### B. Facts

Fisherman alleges that Schaefer, a Ramsey County Correctional officer, forced Fisherman to eat meals with meat in them from June 1, 2017 until June 23, 2017, despite the fact that Fisherman's religion required him to eat only vegan meals. (ECF No. 1). Fisherman submitted a Correctional Health Care Request Form (ECF No. 1-1) to Ramsey County officials on June 4, 2017, informing them that he was on a vegan diet. He did not claim that his diet was for religious purposes on that form. During the relevant time period of his complaint, Fisherman was in the custody of the Ramsey County Jail. (ECF No. 1).

Schaefer served Fisherman requests for production of documents and requests for admission on March 9, 2018 and March 14, 2018 respectively. (ECF No. 19). In his requests for admission, Schaefer asked Fisherman to admit, among other things, that he never informed Schaefer of his religion, that he never informed Schaefer that his religion required him to follow a vegan diet, that Schaefer and other staff made a good-faith effort to accommodate his request for vegan meals, and that he received vegan meals until officials learned that he was trading those meals for items that contained meat. (ECF No.

3

19-1). Fisherman responded to the requests for admission on July 18, 2018. (ECF No. 21). There, he stated that he did not have to tell Schaefer what his religion was or that his religion required him to eat a vegan diet. He also conceded that his request for vegan meals was granted for a short period of time but denied trading those meals for items with meat. He also claimed that Schaefer discriminated against him because he was Native American.

**C. Analysis**

Fisherman brings his claim under 42 U.S.C. § 1983. Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. The "purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). Public officials may be sued under 42 U.S.C. § 1983 in their official capacity, individual capacity, or both. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (citing *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997)).

Fisherman contends that Schaefer deprived him of his right to practice his religion freely by denying him access to vegan meals. The Court reads Fisherman's claim to allege a violation of the Free Exercise Clause of the First Amendment.[1] For this claim to succeed,

---

[1] Fisherman's claim could also be read to be brought under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-2 *et seq.* RLUIPA prohibits governments from imposing a substantial burden on the religious exercise of a confined person unless in furtherance of a compelling government interest and

4

Fisherman must show that Schaefer substantially burdened his ability to practice his religion. *Weir v. Nix*, 114 F.3d 817, 820 (8th Cir. 1997). Fisherman can establish the existence of a substantial burden by demonstrating that Schaefer did not provide "reasonable accommodation of [his] religious dietary needs." *Sisney v. Reisch*, 674 F.3d 839, 846 (8th Cir. 2012) (quoting *Love v. Reed*, 216 F.3d 682, 689 (8th Cir. 2000)).

### 1. Fisherman's claim fails because nothing in the record shows that his rights were deprived on the basis of a Ramsey County policy or custom.

"A plaintiff must expressly and unambiguously state" in the pleadings that he or she is suing a defendant in his or her individual capacity because "section 1983 liability exposes public servants to civil liability and damages." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Absent such a statement, the suit is construed to be against only the defendant in his or her official capacity. *Id*. "A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Id*. And when the public employer is a political subdivision like Ramsey County, the subdivision may only "be held liable for the unconstitutional acts of its officials or employees when those acts implement or execute an unconstitutional policy or custom of the subdivision." *Id*. Accordingly, for a political subdivision to be held liable under Section 1983, there must be a showing that the entity's policies or customs "played a part in the violation of federal law." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

---

the burden is the least restrictive means of furthering that interest. 42 U.S.C. § 2000cc-1(a). It applies, however, only to institutions that receive federal funds. *Cutter v. Wilkinson*, 544 U.S. 709, 715-16. Because nothing in the record establishes that the Ramsey County Jail receives federal funds, the Court concludes that Fisherman does not raise a cause of action under RLUIPA.

5

In this case, Fisherman does not allege anywhere in his complaint that he is filing suit against Schaefer in his individual capacity. Nor does he claim in the caption of his complaint to sue Schaefer in his individual capacity. The Court must therefore construe Fisherman's claim to be against Schaefer in his official capacity and thus must conclude that his suit is "merely" against Schaefer's employer, Ramsey County. *See Johnson*, 172 F.3d at 535. Because Ramsey County is a political subdivision of the state of Minnesota, *see* Minn. Stat. § 465.719, Fisherman must show that a policy or custom of Ramsey County was responsible for the deprivation of his rights. *Graham*, 473 U.S. at 166. Fisherman, however, does not even allege facts in the complaint showing this to be the case, much less identify any evidence obtained through discovery that would create a material issue of fact regarding this contention. In fact, Fisherman admits in his response to Schaefer's requests for admission that Ramsey County did provide him vegan meals for some time, suggesting that any deprivation of his First Amendment rights was not the result of a Ramsey County policy or custom, but the decision of a particular employee. The Court therefore recommends that Schaefer's motion for summary judgment be granted.

### 2. Fisherman's claim fails because of facts deemed admitted by operation of Federal Rules of Civil Procedure 36 and 56.

The Court would recommend that summary judgment be granted even if Fisherman properly filed suit against Schaefer in his individual capacity because of facts deemed admitted and undisputed by Fisherman's failure to comply with the Federal Rules of Civil Procedure. First, Fisherman failed to respond to Schaefer's March 14, 2018 requests for admission until July 18, 2018. Under Federal Rule of Civil Procedure 36, a request for

6

admission is deemed admitted after 30 days unless a longer time frame is stipulated to or ordered by the Court. Because Fisherman did not respond to Schaefer's requests until approximately three months after they were served or seek an extension of time from the Court to respond, he has admitted to, among other things, the following facts:

- That he never informed Schaefer of his religious beliefs;
- That he never informed Schaefer that he required a vegan diet for religious reasons;
- That Schaefer and other staff made a good-faith effort to accommodate his request for vegan meals; and
- That he received vegan meals until staff learned that he was trading vegan meals for food items that contained meat.

A corrections official substantially burdens an inmate's religious beliefs only if the official (1) inhibits or constrains conduct or expression that is a central tenet of the inmate's individual religious beliefs; (2) curtails the inmate's ability to express adherence to his or her faith; or (3) denies the inmate reasonable opportunities to engage in those activities that are fundamental to his or her religion. *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 (8th Cir. 2008). The above facts, which are deemed admitted by operation of Rule 36, require that summary judgement be granted and that Fisherman's claim be dismissed. These facts show that Fisherman did not inform Schaefer of his religious beliefs and that Fisherman never informed Schaefer that a vegan diet was for religious reasons, much less a central tenet of Fisherman's religious beliefs, especially given that Schaefer accommodated Fisherman's request for vegan meals but stopped because Fisherman was

7

trading his vegan meals for items with meat in them. For this reason, the Court recommends that summary judgment be granted in favor of Schaefer.

Second, even if Fisherman timely responded to Schaefer's requests for admission, the above facts would still be deemed undisputed by operation of Federal Rule of Civil Procedure 56(e). When the responding party fails to address another moving party's assertion of fact in responding to a motion for summary judgment, the Court may consider that fact to be undisputed for purposes of deciding the motion. Fed. R. Civ. P. 56(e)(2). Here, Schaefer claimed that the facts in the previous paragraph were undisputed when he filed his motion for summary judgment. Because Fisherman did not respond to the summary judgment motion, the Court concludes that those facts are deemed admitted pursuant to the Federal Rule of Civil Procedure 56 and recommends that summary judgment be granted for the same reasons as well.

The Court recognizes, in recommending that summary judgment be granted on the basis of facts deemed admitted pursuant to operation of Rules 36 and 56, that Fisherman is a pro se litigant without the benefit of counsel to guide him through the various requirements associated with civil discovery and motion practice. But while "pro se pleadings are to be construed liberally," pro se litigants must still comply with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). And in this case, Fisherman has filed multiple lawsuits regarding the conditions of his confinement, including one that was dismissed for failure to respond to a motion for summary judgment. *See Fisherman v. Bernstein*, No. 10-cv-2157, 2012 WL 259327 *1-*2, (D. Minn. Jan. 4, 2012) (dismissing case for failure to communicate with court and respond to motion for

summary judgment), *report and recommendation adopted by* 2012 WL 246049 (D. Minn. Jan. 25, 2012); *see also* (*Fisherman v. Augdahl et al.*, 15-cv-3180 (case dismissed on summary judgment (ECF No. 43)). He should be well aware of the steps he must take to seek relief in federal court. Given the fact that Fisherman is repeat litigator who has failed to comply with multiple procedural and substantive rules, the Court concludes it is appropriate to grant summary judgment on the basis of facts deemed admitted for failure to comply with Rules 36 and 56.

### 3. Fisherman's claim fails because the undisputed facts show that Schaefer was not aware of Fisherman's religious beliefs.

Finally, even if the Court were to consider Fisherman's responses to Schaefer's requests for admission, the Court would still recommend that summary judgment be granted. A corrections official cannot be held liable under Section 1983 if the undisputed facts show that he or she did not act with the requisite state of mind when depriving an inmate of his or her constitutional or statutory rights. *Lovelace v. Lee*, 472 F.3d 174, 201 (4th Cir. 2006). Because Section 1983 "does not include an independent state-of-mind requirement," the "state-of-mind requirement is instead controlled by the underlying constitutional right allegedly infringed." *Id*. In cases where an inmate claims a corrections official has infringed upon the inmate's rights under the Free Exercise Clause, the inmate must show that the corrections official intentionally interfered with the inmate's rights. *Id*.; *cf. Mangiaracina v. Penzone*, 849 F.3d 1191, 1200 (9th Cir. 2017) (Bybee, J., concurring) ("[S]o far as I can determine, no court has held that a § 1983 claim can be proved by mere

9

negligent conduct.").[2] An official therefore cannot intentionally infringe upon an inmate's religious beliefs if the inmate does not provide the official with information about his religious beliefs before filing suit. *Hatcher v. Bristol City Sheriff's Office*, 08-cv-440, 2008 WL 2944557 *2-*3 (W.D. Va. July 29, 2008). This is because an inmate cannot expect a prison official to accommodate his or her beliefs when the inmate has kept those beliefs confidential. *See Lovelace*, 472 F.3d at 201-02; *see also Jackson-Bey v. Hanslmaier*, 115 F.3d 1091, 1096-97 (2d Cir. 1997) (explaining that disclosure "puts the institution on notice that certain religious accommodations will likely be sought" and "reduces the circumstances in which judicial intervention will be needed" to resolve conflicts regarding accommodation of an inmate's beliefs). Thus, for Fisherman's claim to survive summary judgment, the facts must, at a minimum, establish some dispute as to whether Fisherman informed Schaefer of his religious beliefs or the fact that he required vegan meals for religious reasons.

In this case, the undisputed facts do not establish that such a dispute exists. When Fisherman submitted his request for vegan meals to Ramsey County officials, he did not indicate that he required those meals for religious reasons. And when he responded to Schaefer's requests for admission, Fisherman stated that he never informed Schaefer of his religion or that he required a vegan diet for religious reasons because he was not required

---

[2] If the Court were to construe Fisherman's complaint as raising a cause of action under the RLUIPA, the Court would also conclude that the record must also show a genuine issue of material fact as to whether Schaefer acted with more than simple negligence. *See Lovelace*, 472 F.3d at 194 (concluding that plaintiff must show more than simple negligence to bring RLUIPA claim); *Cullen v. Hatch, T.*, No. 06-cv-341, 2007 WL 9733619 *5, (D. New Mex. Aug. 28, 2007) (concluding plaintiff must bring evidence of intentional conduct to "establish a prima facie violation of RLUIPA").

10

to disclose that information to anybody else.[3] In fact, the Court cannot even identify the particular religion that Fisherman practices or the reasons why a vegan diet is a central tenet to his beliefs. In short, nothing in the record establishes that Schaefer or any other county official had reason to know that Fisherman's diet was for religious reasons. As a result, Fisherman cannot show that Schaefer intentionally interfered with his First Amendment rights. *See Lovelace*, 472 F.3d at 201-02.[4] Accordingly, the Court recommend that summary judgment be granted in favor of Schaefer.

### 4. Any equal protection claim that Fisherman makes also fails.

Fisherman also alleges repeatedly throughout his complaint that Schaefer discriminated against him because of his race. He further describes this case as "RACIAL [PROFILING]" in his civil cover sheet. He does not, however, claim to seek relief under the Equal Protection Clause, which prohibits States from denying "to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Were it his intent to do so, however, the Court would recommend that this claim be dismissed. "The Equal Protection Clause keeps governmental decisionmakers from treating disparately persons who are in all relevant respects similarly situated." *Bills v. Dahm*, 32 F.3d 333, 335 (8th Cir. 1994). Because Fisherman does not allege anywhere in his complaint that

---

[3] Fisherman's response could also be read to mean that he was not required to admit this fact in response to the requests for admission. If this is the case, however, Fisherman has provided no basis for his objection and the Court would deem those requests admitted.

[4] The Court would also, if it determined that Fisherman had raised a claim under RLUIPA, conclude that the undisputed facts show that, at most, Schaefer acted with mere negligence, which would be insufficient to sustain a claim under RLUIPA. *See Lovelace*, 472 F.3d at 194.

11

Schaefer treated inmates of other races (or religions) differently, his equal protection claim must also fail.

## III. RECOMMENDATION

Based on the foregoing and all of the files, record, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Schaefer's Motion for Summary Judgment, (ECF No. 16), be **GRANTED**, this matter be **DISMISSED WITH PREJUDICE**, and judgment be entered accordingly.

Date: January 16, 2019               *s/ Tony N. Leung*
                                      Tony N. Leung
                                      United States Magistrate Judge
                                      District of Minnesota

                                      *Fisherman v. Schaefer, C. Officer*
                                      Case No. 17-cv-3766 (DWF/TNL)

## NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgement of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).